UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RONALD B. PORATH and ) <br> MARZELLA J. PORATH, ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Case No. 2:13-cv-02436-TLN-KJN <br><br> **FINDINGS AND RECOMMENDATIONS** |

On November 22, 2013, the United States commenced this action to (1) reduce to judgment outstanding unpaid assessments of federal income taxes (Form 1040) against defendants Ronald B. Porath and Marzella J. Porath for the tax years 2006, 2007, and 2008; (2) foreclose federal tax liens on real property located in El Dorado County, California; and (3) obtain a sale of such property.  (ECF No. 1.)

Defendants were properly served by publication on May 11, 2014 in accordance with this Court's order dated April 8, 2014 (ECF No. 8), and an affidavit of publication and proof and statement of publication were filed with the Court on May 19, 2014.  (ECF No. 9.)  Upon the

FINDINGS AND RECOMMENDATIONS GRANTING
UNITED STATES' MOTION FOR
DEFAULT JUDGMENT
 (Case No. 2:13-cv-02436-TLN-KJN)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

United States' request, the Clerk of Court then entered default against defendants on September 22, 2014. (ECF No. 12.)

The instant motion for default judgment followed on January 13, 2015, with a hearing noticed for February 19, 2015. (ECF No. 13.) After defendants failed to file an opposition to the motion in accordance with Local Rule 230(c), the motion was submitted on the record and written briefing without oral argument. (ECF No. 16.)

Having carefully considered the briefing and documentation in support of the motion for default judgment, as well as the applicable law, THE COURT FINDS AS FOLLOWS:

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

In making that determination, the court considers the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true,

FINDINGS AND RECOMMENDATIONS GRANTING
UNITED STATES' MOTION FOR
DEFAULT JUDGMENT
 (Case No. 2:13-cv-02436-TLN-KJN)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

1  except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d

2  915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560

3  (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th

4  Cir. 2002).

5       In the present case, the well-pleaded factual allegations of the complaint (ECF No. 1),

6  together with the Declaration of Tim W. Lyons (a Revenue Officer with the IRS) and its

7  corresponding exhibits (ECF No. 14), support the claims pled in the complaint and demonstrate

8  that the United States is entitled to the relief requested in its complaint and motion for default

9  judgment.  In particular, the United States has shown that (a) it is entitled to reduce to judgment

10  its tax assessments, including applicable interest and penalties, against defendants for the tax

11  years of 2006, 2007, and 2008 in the amounts detailed in the Certificates of Assessment and the

12  Lyons Declaration; (b) that defendants have property interests in certain real property located at

13  2278 Rainbow Road, #27, Meyers, California (the "Subject Property"); (c) that the United States

14  has valid federal tax liens against the Subject Property based on the above-mentioned tax

15  assessments for 2006-2008 to be reduced to judgment, as well as a June 27, 2013 amended final

16  judgment that was entered in favor of the United States and against defendants in the United

17  States District Court for the District of New Mexico, Case No. 1:11-cv-00901, ECF No. 82; and

18  (d) that the United States is entitled to foreclose its federal tax liens against the Subject Property.

19  Therefore, the United States' claims have merit and are sufficiently pled.

20       Furthermore, the other Eitel factors do not preclude the entry of default judgment in this

21  case.  The United States would plainly be prejudiced if a default judgment is not entered, because

22  it would have no other recourse against defendants with regards to their federal tax liabilities.

23  Additionally, the sums of money at stake, while significant, merely reflect defendants' accurately

FINDINGS AND RECOMMENDATIONS GRANTING
UNITED STATES' MOTION FOR
DEFAULT JUDGMENT
 (Case No. 2:13-cv-02436-TLN-KJN)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

1  computed federal tax liabilities.  Also, given defendants' failure to appear and the Clerk's entry

2  of default, there is little possibility of a dispute concerning material facts, and there is no

3  indication in the record that defendants' default was due to excusable neglect.  Finally, the policy

4  favoring decisions on the merits does not by itself preclude entry of default judgment, and is

5  outweighed by the other <u>Eitel</u> factors.

6        Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED THAT:

7        A.     The United States' motion for default judgment against defendants Ronald B.

8  Porath and Marzella J. Porath (ECF No. 13) be GRANTED.

9        B.     Judgment be entered in favor of the United States and against Ronald B. Porath in

10  the amount of $16,572.06, plus interest and other statutory additions from January 9, 2015,

11  which represents the unpaid balance of the federal income tax liabilities assessed against Ronald

12  B. Porath for the tax years 2006, 2007, and 2008, together with accrued but unassessed interest

13  and other statutory additions, together with statutory interest and other additions accruing

14  thereafter pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid.

15        C.     Judgment be entered in favor of the United States and against Marzella J. Porath

16  in the amount of $17,951.25, plus interest and other statutory additions from January 9, 2015,

17  which represents the unpaid balance of the federal income tax liabilities assessed against

18  Marzella J. Porath for the tax years 2006, 2007, and 2008, together with accrued but unassessed

19  interest and other statutory additions, together with statutory interest and other additions accruing

20  thereafter pursuant to 26 U.S.C. §§ 6601, 6621 & 6622, and 28 U.S.C. § 1961(c) until paid.

21        D.     It be declared that the United States has valid and subsisting federal tax liens on

22  all property and rights to property of Ronald B. Porath and Marzella J. Porath, including the

23  Subject Property.

FINDINGS AND RECOMMENDATIONS GRANTING
UNITED STATES' MOTION FOR
DEFAULT JUDGMENT
 (Case No. 2:13-cv-02436-TLN-KJN)

4

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366

1    E.   The United States' tax liens encumbering the Subject Property be foreclosed and
2 that the Subject Property be sold pursuant to 26 U.S.C. § 7403 and 28 U.S.C. § 2001, and that the
3 net proceeds be applied toward the satisfaction of the federal tax liens.

4    F.   The United States be required to submit an Order of Sale of the Subject Property
5 for Court approval.

6    G.   The Clerk of Court be directed to close this case.

7   These findings and recommendations are submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
12 shall be served on all parties and filed with the court within fourteen (14) days after service of
13 the objections.  The parties are advised that failure to file objections within the specified time
14 may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455
15 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

16   IT IS SO RECOMMENDED.

17 Dated:  March 24, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

FINDINGS AND RECOMMENDATIONS GRANTING
UNITED STATES' MOTION FOR
DEFAULT JUDGMENT
 (Case No. 2:13-cv-02436-TLN-KJN)

5

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3366